FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
24 MAR -4 AM 8: 36
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BRIAN D. SWANSON )
) Case No. 1:23-cv-0193
)
Plaintiff, )
)
v. )
)
UNITED STATES OF AMERICA, )
)
Defendant. )
)

## PLAINTIFF'S OPPOSITION TO UNITED STATES' MOTION TO DISMISS

Defendant has moved this Court to dismiss Plaintiff's claims against the United States on the grounds that this Court lacks subject matter jurisdiction because the United States did not waive its immunity and that Plaintiff has failed to state a proper claim. Both of these assertions are incorrect and he respectfully requests that Defendant's motion be denied.

### BACKGROUND

Plaintiff is a public school teacher who worked for McDuffie County Board of Education. He filed a valid administrative claim for a refund for his overpaid taxes for tax year 2021 on April 4, 2022. The IRS accepted Mr. Swanson's return as valid, examined his return, corrected identified errors and issued to him a Notice CP12 indicating that he is due a lower refund than shown on his return.

Mr. Swanson has based his claim on two facts: The IRS accepted his return as valid and determined on its own that Mr. Swanson is due a refund of $6,650 and also that Puerto Rico's

1

change in status from an unincorporated Territory to an incorporated Territory changes the rules for the collection of the income tax, so he must be refunded $2,250 in taxes that he paid.

## MEMMORANDUM

I. **Mr. Swanson Filed a Valid Claim for Refund.**

### a. Notice CP12 is evidence of a valid return

The United States asserts that Mr. Swanson did not file a valid claim for refund and thus that the United States did not waive its sovereign immunity for his tax refund suit. However, IRS Notice CP12 is evidence that he did file a valid claim for refund.

Each tax year stands on its own and must be separately considered. *United States v. Skelly Oil Co.*, 394 U.S. 678, 684 (1969) The Tax Code is complicated with many arcane provisions that explain why Mr. Swanson's tax liability is lower than the United States' thinks it should be, regardless what has transpired in previous years.

The IRS accepted Mr. Swanson's return as valid and therefore, as a matter of law, he did file a valid return for all tax purposes. The Office of Chief Counsel issued a notice in which it said that even if a return is frivolous:

> Once the document is treated by the Service as a valid return, it is deemed to have satisfied the Beard test, and, therefore, should be considered a return for all tax purposes.[1]

In Mr. Swanson's case, not only did the Service treat his return as valid, but it also conducted an examination of the return, identified and corrected errors and issued a formal Notice CP12 affirming that he is due a refund. IRS officials who examined Mr. Swanson's return had access

---

[1] Office of Chief Counsel Notice 200114033: https://www.irs.gov/pub/irs-sca/0114033.pdf

2

to all the same documentation that Defendant provided with his motion to allege error and yet, the IRS found no error that Defendant alleges.

Defendant's suggestion that Mr. Swanson's refund was frozen for suspicion of being a frivolous return is erroneous conjecture. Examining the Account Transcript provided by Defendant (Defense Exhibit C) reveals that the Notice CP12 was issued after the refund freeze indicating that the freeze was for the purpose of examining and correcting Mr. Swanson's return. The error seems to be that the refund freeze was not removed after the Notice CP12 was issued. The IRS has not sent to Mr. Swanson any documentation suggesting that it has judged his return to be frivolous.

Additionally, issuing the Notice CP12 is evidence that the return is valid because it authorizes Mr. Swanson to, "file a claim for refund to dispute the change." Mr. Swanson is not disputing the change. Mr. Swanson has accepted the change. However, authorizing Mr. Swanson to file a claim for refund indicates that the return satisfies all the basic requirements for filing a claim, including filing a valid return.

Challenging the validity of the return at this time is moot.

### b. Taxable "wages" for purposes of chapter 1

The United States does not understand its own tax. There are three separate taxes that most people pay annually: One tax is imposed in chapter 21, a second tax is imposed in chapter 24 and a third tax is imposed in chapter 1. Each of these taxes are mutually exclusive and are collected separately in their respective chapters. Mr. Swanson's income tax liability is based on taxable "wages" for purposes of chapter 1, not taxable "wages" for chapters 21 or 24.

The Wage and Income Transcript (Defense Exhibit B) submitted by Defendant only applies to the tax imposed in chapter 21 (§3121(a)), and chapter 24 (§3401(a)). The Wage and

3

Income Transcript shows Mr. Swanson's taxable "wages," for chapters 21 and 24, but it does not show his taxable "wages" for purposes of chapter 1, nor does it show his actual wages. As shown on his 2021 December Earnings Statement from McDuffie County, (Exhibit A) Mr. Swanson earned actual wages of $97,787.20. This figure does not appear on any transcript.

Mr. Swanson was paid actual wages of $97,787.20, but for purpose of chapter 21 his taxable "wages" were reduced to $96,745 using the provisions of chapter 21. In chapter 24, his taxable "wages" were reduced to $91,019 using the provisions of chapter 24. Only the taxable "wages" are reported, but how the actual wages were reduced to taxable "wages" is not explained in the transcript. Chapters 23 and 24 are for employment taxes in Subtitle C, and not for income taxes in Subtitle A. If Mr. Swanson's actual wages of $97,787.20 are reduced to a lesser taxable amount for the purpose of income tax, then they must be reduced according to the provisions of chapter 1, not chapter 24.

According to Chapter 1, subchapter B, the "Computation of Taxable Income" occurs between IRC §§61 - 291. "Wages" from IRC §3401(a) (shown as $91,019 on the transcript) is outside of these statues and it is wrong to use this value when computing taxable income. The first five words in IRC §3401(a) state, "For purposes of this chapter," and this caveat limits this dollar amount to chapter 24; it is useless in chapter 1. It has always been wrong to use IRC §3401(a) to compute taxable income because it represents taxable "wages" for purposes of chapter 24, not taxable "wages" for purposes of chapter 1.

There is no requirement to report taxable "wages" for purposes of chapter 1 on any form. All of the dollar figures for "wages" that are required to be reported on an information return, in accordance with IRC §6051(a), come from Subtitle C, not from Subtitle A. Therefore, all taxpayers must manually compute their own taxable "wages" for purposes of chapter 1 for

themselves using pen and paper by applying the provisions of chapter 1 to their individual circumstance. Mr. Swanson's taxable "wages" for purposes of chapter 1 could range anywhere from $97,787.20 to $0 depending on how the provisions of chapter 1 apply to him, but his taxable "wages" cannot be found on any form. Defendant's motion complains that, "Mr. Swanson failed to report his wage income of more than $90,000 on his 2021 Form 1040." (Motion at 5) Mr. Swanson is not required to report "wage income," he is required to report taxable "wages" for purposes of chapter 1. The United States did not compute and does not identify the amount of Mr. Swanson's taxable "wages" for purposes of chapter 1 that he is allegedly supposed to report and therefore, it cannot prove that the reported figure is in error. Mr. Swanson's taxable "wages" for purposes of chapter 1 cannot be discovered from a Wage and Income Transcript that contains no information relevant to the tax imposed in chapter 1. The IRS examined Mr. Swanson's return and its Notice CP12 found no error in reporting his taxable "wages" for purposes of chapter 1.

Therefore, Mr. Swanson has filed a valid claim for refund and the United States has waived its sovereign immunity for the purpose of Mr. Swanson's refund suit. This Court has subject matter jurisdiction to hear this case.

## II. Mr. Swanson Has Stated a Claim upon which Relief May Be Granted

To survive a Rule 12(b)(6) motion to dismiss, "'a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The "factual allegations must be enough to raise a right to relief above the speculative level."

*Patton v. Rowell*, 678 F. App'x 898, 900 (11th Cir. 2017) (per curiam) (citation omitted).

Mr. Swanson's complaint should easily survive a Rule 12(b)(6) motion to dismiss. His refund claim has two components: (1) The IRS examined Mr. Swanson's return and issued Notice CP12, which determined that he is due a refund of $6,650; and (2) That Puerto Rico has become an incorporated Territory, which requires that the income tax be collected with geographical uniformity throughout the 50 States and Puerto Rico. Since the tax fails this requirement, the $2,250 in taxes that he paid must be refunded.

Frist, Mr. Swanson's claim for relief is plausible on its face. It is not disputed that Mr. Swanson received a Notice CP12 from the IRS in which it determined on its own that he is due a refund in the amount of $6,650. It is plausible, though maybe not 100% certain, based on this notice, that he is due a refund. This fact should be self-evident.

Second, it is also plausible that, if Puerto Rico's status has changed from an unincorporated Territory to an incorporated Territory, the collection of the federal income tax will be affected.

The only reason Puerto Rico has been excused from the Uniformity Clause when collecting revenue is because of its status as an unincorporated Territory. In *Downs v. Bidwell*, 182 U.S. 244 (1901), it was determined that Puerto Rico was an unincorporated Territory because it was acquired from Spain by treaty:

> So long as Congress has not incorporated the territory into the United States, neither military occupation nor cession by treaty makes the conquered territory domestic territory in the sense of the revenue laws. But those laws concerning "foreign countries" remain applicable to the conquered territory until changed by Congress.

Mr. Swanson argues that when Congress approved Puerto Rico's constitution on July 3, 1952 that Puerto Rico's treaty relationship with the United States ended and that its

constitutional relationship began. Puerto Rico is no longer a "foreign country" because it has become incorporated into our constitutional system with the congressional approval of its constitution. On July 3, 1952, Puerto Rico became domestic territory in the sense of the revenue laws.

Puerto Rico is now subject to the Uniformity Clause when Congress imposes taxes including the income tax. The income tax must be imposed on all American citizen with geographical uniformity throughout the 50 States and Puerto Rico. Since the income tax fails this requirement, the United States must refund to Mr. Swanson the $2,250 in taxes that he paid in tax year 2021.

The United States tries to completely ignore the question of Puerto Rico in its motion to dismiss. This suggests a little apprehension in responding to this question. Its brief attempted to truncate Mr. Swanson's pleading to "[t]he tax ... was collected from Plaintiff in a manner that is not uniform throughout the United States and is void." (Motion at 12) This evasion seems more like an attack on the quality of the pleading rather than a response to the substance of the complaint. Mr. Swanson is not a lawyer and has no formal or informal legal training, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Mr. Swanson presented his pleading as a logical progression with a conclusion. He could have written one large pleading:

> Puerto Rico became an incorporated Territory on July 3, 1952 and has been subject to the Uniformity Clause when collecting federal income tax since that date. The income tax is not being collected from Petitioner in a manner that is uniform throughout the United States and is void. Plaintiff must be refunded the $2,250 in tax that he has paid.

It should not be difficult to comprehend that Mr. Swanson is disputing the status of Puerto

Rico and its potential effect on the collection of the income tax, and not raising a generic complaint about uniformity. Defendant's evasive response suggests an unwillingness to answer the question directly.

Mr. Swanson has stated a claim upon which relief may be granted and Defendant's motion to dismiss should be denied.

## CONCLUSION

When analyzing a motion to dismiss, the court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006). Analyzing the facts in this case in the light most favorable to the plaintiff must result in the denial of the United States motion to dismiss. This Court has subject matter jurisdiction because Mr. Swanson has submitted a valid claim for refund that has been examined and validated by the IRS. In addition, Mr. Swanson has stated a claim upon which relief may be granted since it is plausible that Puerto Rico's transition to an incorporated Territory will affect the collection of the federal income tax. Therefore, Plaintiff respectfully requests that the United States' Motion to Dismiss be denied.

Dated: March 4, 2024

Respectfully Submitted,

BRIAN D. SWANSON
Plaintiff, pro se
1805 Prince George Ave
Evans, Ga 30809
(831)601-0116

## CERTIFICATE OF SERVICE

I Hereby certify that on this 4th day of March 2024, I filed the foregoing document with the Clerk of the Court and on the same day mailed the document by United States Postal Service to the following:

Meredith Elliott Hollman
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044

Marcio W. Valladares
Assistant United States Attorney
PO Box 8970
Savannah, GA 31412

BRIAN D. SWANSON
Plaintiff, pro se

| MCDUFFIE COUNTY BOARD OF EDUCATION EARNINGS STATEMENT | PAY PERIOD DEC 17, 2021 | DEPOSIT DATE DEC 17, 2021 | LOCATION 0192 | DEPOSIT NUMBER 122473 |
|---|---|---|---|---|
| EMPLOYEE NAME BRIAN D SWANSON | SSN | EXEMPTIONS FED: 6 STATE: 6 M/S: M | ADDITIONAL TAX FED: 0.00 STATE: 0.00 | |

| EARNINGS | DAYS | CURRENT | YEAR TO DATE | DEDUCTIONS | CURRENT | YEAR TO DATE | LEAVE TYPE | LEAVE BAL AS OF NOV 30, 2021 |
|---|---|---|---|---|---|---|---|---|
| REGULAR | 0.00 | $7,950.88 | $95,437.20 | TRS | $477.05 | $5,726.22 | | |
| STIPEND | 0.00 | $.00 | $1,000.00 | LEGAL | $9.80 | $117.60 | SICK | 59.75 |
| MISC | 0.00 | $.00 | $1,350.00 | LIFE SH | $58.10 | $677.40 | PERS | 2.00 |
| | | | | VISION S | $30.37 | $364.44 | VACA | 37.00 |
| | | | | PAGE | $14.58 | $174.96 | STAF | 0.00 |
| | | | | ST N/S | $29.57 | $354.84 | LWOP | 0.00 |
| | | | | SPLIFE | $6.10 | $73.20 | JURY | 0.00 |
| | | | | CH LIFE | $1.81 | $21.72 | SUBP | 0.00 |
| GROSS PAY | | $7,950.88 | $97,787.20 | | | | | |
| TOT DED | | $1,493.24 | $17,943.49 | | | | | |
| NET PAY | | $6,457.64 | $79,843.71 | FICA | $114.00 | $1,402.83 | | |
| | | | | FEDERAL | $473.08 | $5,682.27 | | |
| | | | | STATE | $278.78 | $3,348.01 | | |
| MERRY CHRISTMAS AND HAPPY NEW YEAR! | | | | TOT DED | $1,493.24 | $17,943.49 | | |

**THIS IS NOT A CHECK, DO NOT CASH.**

## MCDUFFIE COUNTY BOARD OF EDUCATION
716 N. LEE STREET
THOMSON, GEORGIA 30824
(706) 986-4000

DEPOSIT IN THE ACCOUNT OF
BRIAN D SWANSON 0192
1805 PRINCE GEORGE AVE
EVANS, GA 30809

| DATE |
|---|
| DEC 17, 2021 |

| ACCOUNT NUMBER | DEPOSIT AMOUNT |
|---|---|
| | $6,457.64 |

# DIRECT DEPOSIT NOTIFICATION

# NON-NEGOTIABLE

DD

## MCDUFFIE COUNTY BOARD OF EDUCATION
716 N. LEE STREET
THOMSON, GEORGIA 30824

BRIAN D SWANSON 0192
1805 PRINCE GEORGE AVE
EVANS, GA 30809