IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BRIAN D. SWANSON,           *
                            *
        Plaintiff,          *
                            *
        v.                  *        CV 123-193
                            *
UNITED STATES OF AMERICA,   *
                            *
        Defendant.          *
                            *

———————————

O R D E R

———————————

Before the Court is Defendant's motion to dismiss.   (Doc.

8.)  For the following reasons, Defendant's motion is **GRANTED**.


I. BACKGROUND[1]

Plaintiff is a public-school teacher that worked for the

McDuffie County Board of Education in McDuffie County, Georgia.

(Doc. 10, at 1.)  In 2021, Plaintiff earned $91,019.00 in wages

---

[1] Defendant attached three documents to its motion to dismiss: (1) Plaintiff's
IRS return transcript, which shows what Plaintiff reported on his 2021 tax
return; (2) Plaintiff's IRS wage and income transcript, which shows wage and
income information third parties reported to the IRS for Plaintiff; and (3)
Plaintiff's IRS account transcript, "which shows the processing steps the IRS
took with Plaintiff's account for the 2021 tax year." (Doc. 8, at 3; Doc. 8-
1; Doc. 8-2; Doc. 8-3.)  Under Federal Rule of Civil Procedure 12(d), if a
court considers matters outside the pleadings in ruling on a motion under
Rule 12(b)(6), "the motion must be treated as one for summary judgment under
Rule 56." However, the Court may consider these documents without converting
Defendant's motion into a motion for summary judgment because the documents
are central to Plaintiff's claims and their authenticity is not challenged.
See McClure v. Oasis Outsourcing II, Inc., 674 F. App'x 873, 875 (11th Cir.
2016) (citing SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334,
1337 (11th Cir. 2010)).

from McDuffie County Board of Education and $33,060.00 in retirement distributions from Defense Finance and Accounting Service. (Doc. 8-2, at 1, 7.) However, on his 2021 federal income tax return, Plaintiff reported the retirement distributions as income and indicated he received a primary economic impact payment of $5,600.00, but he did not report any of his wages as income. (Doc. 8-1, at 1-2.) Plaintiff also claimed certain tax credits and calculated his refund amount as $11,841.00. (Id. at 4-5; Doc. 6, at 5.) On November 14, 2022, the Internal Revenue Service ("IRS") sent Plaintiff a Notice CP12 informing him the IRS disallowed the amounts he claimed in tax credits because he did not file the proper form to certify his eligibility for those credits, which lowered his refund to $6,650.03. (Doc. 6, at 5, 7.) The Notice CP12 further provided: "If you agree with the changes we made: If you haven't received a refund for $6,650.03, you should receive it within 4-6 weeks as long as you don't owe other tax or debts we're required to collect." (Id. at 7.) The Notice CP12 also instructed Plaintiff to contact the IRS by January 13, 2023 if he disagreed with its adjustment. (Id.) In the present action, Plaintiff seeks: (1) a refund of $6,650.03 in overpaid taxes; and (2) a refund of $2,264.00 in taxes Plaintiff paid in 2021 he alleges were unconstitutionally collected. (Id. at 5-6.) On February 26, 2024, Defendant filed a motion to dismiss pursuant

2

to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which Plaintiff opposes.  (Docs. 8, 10, 13.)

## II. LEGAL STANDARDS

Defendant's motion is governed by the following legal standards.

### A. Rule 12(b)(1)

"Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds." Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009) (citation omitted).  "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint.  When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." Id. (citation omitted). "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." Id. (citation omitted).  Here, Defendant makes a facial challenge to the Court's subject-matter jurisdiction.  Thus, for the purposes of its analysis, the Court accepts as true all facts alleged in the amended complaint and construes all reasonable inferences in the light most favorable to Plaintiff.  See Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009).

3

Nevertheless, Plaintiff "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted).

**B. Rule 12(b)(6)**

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl., Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court

4

need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-79. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

## III. MOTION TO DISMISS

The Court first addresses whether it has subject-matter jurisdiction over Plaintiff's claims. (Doc. 6, at 5-6.) Defendant moves to dismiss Plaintiff's amended complaint for lack of subject-matter jurisdiction because Plaintiff filed a frivolous tax return by not reporting the wages he earned in 2021 as income. (Doc. 8, at 8-10.) Plaintiff contends the Court has subject-matter jurisdiction because his return was a valid claim for a refund, and the Notice CP12 is evidence to that effect. (Doc. 10, at 2-3.)

"The United States has sovereign immunity from suit unless it consents to be sued, and the statute consenting to suit 'define[s] [the district] court's jurisdiction to entertain the suit.'" Enax v. Comm'r, 476 F. App'x 857, 859 (11th Cir. 2012) (per curiam) (alterations in original and citation omitted). As

a limited waiver of sovereign immunity, the United States allows a taxpayer to sue for a tax refund but only if the taxpayer first files a refund claim with the government.   28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422(a); Enax, 476 F. App'x at 859. Although an income tax return may qualify as a refund claim, the tax return must be "properly executed" and "must at a minimum 'identify . . . "the essential requirements" of each and every refund demand.'"   Ruble v. U.S. Gov't, Dep't of Treasury, I.R.S., 159 F. Supp. 2d 1381, 1383 (N.D. Ga. 2001) (quoting 26 C.F.R. § 301.6402-3(a)(5); Thompson v. United States, No. 1:98-CV-1838, 1999 WL 302453, at *2 (N.D. Ga. Mar. 22, 1999)).   When a taxpayer claims a refund based on arguments that are "nothing short of frivolous and fraudulent," the tax return does not constitute a properly executed refund claim.   Thompson, 1999 WL 302453, at *2; 26 U.S.C. § 6702(a)(1)(B) (defining a frivolous return as one which "contains information that on its face indicates that the self-assessment is substantially incorrect").

Plaintiff's 2021 tax return was not "properly executed," so it does not constitute a valid refund claim.   See Ruble, 159 F. Supp. 2d at 1383 (citations omitted).   Plaintiff argues he is not required to report the wages he earned as a public-school teacher as income, so his tax return is valid.   (Doc. 10, at 3-5.)   This Court, the Tax Court, and the Eleventh Circuit Court of Appeals have informed Plaintiff time and again his wages in

fact are subject to income tax and any argument they are not is frivolous. See Swanson v. United States ("Swanson I"), No. CV 119-013, 2019 WL 7880022, at *1 (S.D. Ga. May 3, 2019), aff'd, 799 F. App'x 668 (11th Cir. 2020); Swanson v. United States ("Swanson II"), No. CV 118-196, 2019 WL 5390863, at *1 (S.D. Ga. Sept. 27, 2019); Swanson v. Comm'r ("Tax Ct. Case I"), No. 6837-20, 2021 WL 1540036, at *5 (U.S. Tax Ct. Mar. 19, 2021), aff'd, No. 21-11576, 2021 WL 4551628 (11th Cir. Oct. 5, 2021); Swanson v. United States ("Swanson III"), No. 122-119, 2023 WL 3467753, at *3 (S.D. Ga. May 15, 2023), aff'd, No. 23-11739, 2023 WL 5605738 (11th Cir. Aug. 30, 2023); Swanson v. Comm'r ("Tax Ct. Case II"), No. 2526-23, 2024 WL 1716239, at *4-5, 6 (U.S. Tax Ct. Apr. 22, 2024).

Plaintiff also argues that, even if his return was frivolous, it should nevertheless be considered valid because the IRS treated it as valid by examining it, identifying and correcting errors on it, and issuing a Notice CP12 that he alleges "affirms" he is due a refund of $6,650.03. (Doc. 10, at 2-3; Doc. 13, at 1-2.) To support his argument, Plaintiff cites Service Center Advice 200114033, at 1 (Apr. 6, 2001), which states: "Once the document is treated by the [IRS] as a valid return, it is deemed to have satisfied the [Beard v. Commissioner, 82 T.C. 766 (1984), aff'd per curiam, 793 F.2d 139 (6th Cir. 1986)] test, and, therefore, should be considered a

7

return for all tax purposes." However, "Service Center Advice is not precedent, is not law, and is not binding." <u>Laue v. Comm'r</u>, 103 T.C.M. 1575, 2012 WL 1215112, at *4 (2012). Moreover, the Advice does not support Plaintiff's position because it

> merely states that in cases where the [IRS] accepts a tax return as valid for some purposes, [it] must treat that return as valid for all purposes. It does not state that if the [IRS] mistakenly begins to process a frivolous return as valid, [it] may not correct the error.

<u>Id.</u> (holding IRS was not required to accept taxpayer's frivolous returns as valid even though it began processing his returns as if they were). Thus, although the IRS examined Plaintiff's return, adjusted his refund, and sent him a Notice CP12, there is no indication the IRS accepted Plaintiff's 2021 tax return as valid.

Plaintiff argues the Notice CP12 is evidence the IRS considered his 2021 return a valid claim for a refund because it is the IRS's "formal determination" that he is owed a refund of $6,650.03 and "authorizes [him] to[] 'file a claim for refund to dispute the change.'" (Doc. 10, at 3 (quoting Doc. 6, at 8); Doc. 13, at 1.) Defendant contends the Notice CP12 is not evidence the IRS accepted Plaintiff's return as valid; rather, it merely informs Plaintiff the IRS corrected a mistake on his

tax return.  (Doc. 12, at 1-2.)  The Court agrees with Defendant.

A Notice CP12 is not a final determination regarding a taxpayer's refund, but rather "is issued as a first notice to inform the taxpayer of a math error on an individual return that changes the refund amount claimed on that return." Peak v. Comm'r, 122 T.C.M. 308, 2021 WL 5232447, at *3 (2021) (citing Internal Revenue Manual pt. 21.3.1.5.8(1) (Sept. 12, 2017); Internal Revenue Manual pt. 3.14.1.6.12 (Jan. 1, 2017)).  Here, the Notice CP12 informed Plaintiff the IRS disallowed certain credits he claimed because he did not submit the proper form to certify his eligibility for those credits.  (Doc. 6, at 7.) Notably, the Notice CP12 also provides that, if Plaintiff did not contact the IRS by January 13, 2023 to dispute the change, he "should receive [his refund] within 4-6 weeks *as long as [he] [did not] owe other tax or debts.*"  (Id. (emphasis added).) This statement is further evidence the Notice CP12 is not a final determination as to Plaintiff's refund because it clarifies the refund is subject to further adjustment based on any other taxes or debts Plaintiff may owe.  For these reasons, the Court finds the Notice CP12 is not evidence the IRS accepted Plaintiff's 2021 return as a valid claim for a refund.

Despite being told repeatedly the wages he earns as a public-school teacher are reportable as wage income, Plaintiff

yet again failed to report these wages on his 2021 tax return. (Doc. 8-1, at 1.)    Because Plaintiff failed to follow the procedure required to bring this lawsuit against the United States, the United States has not waived its sovereign immunity, and the Court lacks subject-matter jurisdiction over Plaintiff's claims for tax refunds.    See Thompson, 1999 WL 302453, at *2; Ruble, 159 F. Supp. 2d at 1384.

Because the Court lacks subject-matter jurisdiction, the Court need not address Defendant's remaining arguments. However, the Court notes Plaintiff's argument that he is entitled to a refund of $2,264.00 because it "was collected from [him] in a manner that is not uniform throughout the United States and is void" under the Uniformity Clause of the Constitution due to Puerto Rico's status as an incorporated territory is frivolous.    (Doc. 6, at 5.)    As Defendant points out "[t]he proposition that the incorporation of Puerto Rico does not violate the Uniformity Clause is well established, and arguments to the contrary have consistently been rejected as frivolous."    (Doc. 12, at 3 (citing Buchbinder v. Comm'r, 60 T.C.M. 1421, 1990 WL 199911, at *2 (1990)).)    Indeed, the Eleventh Circuit previously informed Plaintiff this argument is frivolous.    Swanson III, 2023 WL 5605738, at *2.    For the reasons stated above, Defendant's motion to dismiss is **GRANTED** and Plaintiff's claims are **DISMISSED**.

## IV. PROPOSED PERMANENT INJUNCTION

As mentioned previously, Plaintiff is no stranger to this Court. Indeed, this is the fourth case Plaintiff has filed in this Court arguing he is entitled to a refund after he failed to report his wages as income on his tax return. (See Doc. 1, at 5-6; Doc. 8-1, at 1); see also Swanson I, 2019 WL 7880022, at *1; Swanson II, 2019 WL 5390863, at *1; Swanson III, 2023 WL 3467753, at *1. Plaintiff made similar arguments before the Tax Court on at least two occasions. See Tax Ct. Case I, 2021 WL 1540036, at *2; Tax Ct. Case II, 2024 WL 1716239, at *1-2. In three of the cases Plaintiff filed before filing this action, Plaintiff was told his argument that his wages were not income was frivolous, and he was given monetary sanctions for making such an argument. Swanson I, 799 F. App'x at 672 (imposing monetary sanction of $8,000); Swanson III, 2023 WL 5605738, at *3 (imposing monetary sanction of $8,000); Tax Ct. Case I, 2021 WL 4551628 (imposing monetary sanction of $8000).[2] However, Plaintiff's filing of this case, which makes the same arguments he has repeatedly been told are frivolous, is evidence he is not deterred by monetary sanctions. In Swanson III, the Court "warn[ed] Plaintiff that should he continue to file frivolous lawsuits, his ability to seek redress with this Court w[ould] be

---

[2] In his most recent case before the Tax Court, filed after this action, that court also imposed a monetary sanction of $15,000. Tax Ct. Case II, 2024 WL 1716239, at *8.

sharply limited." 2023 WL 3467753, at *3 (citing Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 517 (11th Cir. 1991)).

Plaintiff's time has come. The Court will no longer tolerate his frivolous filings because they impair the Court's ability to adjudicate the legitimate claims of other litigants. Accordingly, Plaintiff is **ORDERED** to **SHOW CAUSE** within **FOURTEEN (14) DAYS** of this Order why the following permanent injunction should not be imposed. See Daker v. Governor of Ga., 796 F. App'x 720, 720 (11th Cir. 2020) ("[B]efore entering or modifying a filing injunction, a district court must give the litigant who would be enjoined notice and an opportunity to be heard." (citing Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1297-98 (11th Cir. 2002); Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush, 261 F.3d 1037, 1063-64 (11th Cir. 2001))). The Court's proposed permanent injunction is as follows:

> Plaintiff, Brian Swanson, is henceforth **PERMANENTLY ENJOINED** from filing or attempting to file any lawsuit in this Court or any other federal court seeking to obtain a tax refund for a tax year in which Mr. Swanson failed to report his wages as income. In the event Mr. Swanson files a lawsuit seeking a tax refund in this Court or any other federal court in the future, Mr. Swanson **SHALL FILE** his complaint accompanied by: (1) the tax return(s) he filed for the tax year(s) relevant to his lawsuit showing he properly claimed his wages as income; (2) a copy of this injunction; and (3) a list of each and every lawsuit and appeal he has filed in any federal court along with the final disposition of each lawsuit or appeal. Additionally, neither Mr. Swanson's complaint nor any motions, responses, replies, or other papers Mr. Swanson files in this Court shall include any

arguments this Court, the United States Court of Appeals for the Eleventh Circuit, the United States Tax Court, or any other court has previously determined to be frivolous, including but not limited to: (1) any argument that he is not required to report his wages as income on his tax return; and (2) any argument that the collection of income taxes is unconstitutional under the Uniformity Clause of the Constitution due to Puerto Rico's status as an incorporated territory of the United States.   Any complaint Mr. Swanson files that does not comply with the terms of the permanent injunction as stated herein shall be summarily dismissed without further explanation.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 8) is **GRANTED**.   Accordingly, the Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.   Furthermore, Plaintiff is **HEREBY ORDERED** to show cause in writing **WITHIN FOURTEEN (14) DAYS** from the date of this Order why the Court should not impose the proposed permanent injunction described herein.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of May, 2024.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

13