IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BRIAN D. SWANSON, | * | |
| Plaintiff, | * | |
| v. | * | CV 123-193 |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

O R D E R

Before the Court is Plaintiff's response to the Court's May 28, 2024 Order. (Doc. 16.) On May 28, 2024, the Court ordered Plaintiff to show cause within fourteen days why the proposed permanent injunction contained therein should not be imposed. (Doc. 14, at 11-13.) Plaintiff timely responded to the Court's May 28, 2024 Order on June 7, 2024. (Doc. 16.) Plaintiff makes two arguments as to why the Court should not impose the proposed permanent injunction, but the Court finds neither argument persuasive. (Id. at 1-16.)

First, Plaintiff argues the Court should not impose the proposed permanent injunction because he would not be able to comply with its requirement that he attach the relevant tax returns for the relevant tax years to his complaint in future lawsuits seeking a tax refund showing he properly claimed his

wages as income. (Id. at 2-12.) According to Plaintiff, this requirement is vague because "[n]obody [k]nows [h]ow [m]uch [w]ages to [r]eport as [g]ross [i]ncome" on their tax return. (Id. at 2.) In short, Plaintiff argues he is unable to determine which wages to report as gross income for income tax purposes because "wages" is defined in Subtitle C of the Internal Revenue Code, which applies to employment taxes, but not in Subtitle A, which applies to income taxes. (Id. at 2-12.) Moreover, Plaintiff contends that, because Subtitle C defines "wages" "[f]or purposes of th[at] chapter only," the definition of "wages" in Subtitle C is limited to Subtitle C and cannot be used in Subtitle A. (Id. at 5-6.) Thus, because Subtitle A does not define "wages," Plaintiff maintains "the true value of wages needed to compute income tax remains a mystery, but it could range anywhere from $97,787.20 to $0." (Id. at 9.)

Plaintiff recently made the same argument before the United States Tax Court. See Swanson v. Comm'r, No. 2526-23, 2024 WL 1716239, at *5-6 (U.S. Tax Ct. Apr. 22, 2024). As the Tax Court explained:

> The various employment tax provisions, which were enacted to reach only certain income, do indeed define the income to which they pertain — i.e., "wages." That truism, however, does not affect the fact that the definition of "gross income" for income tax purposes is a broad term that includes "all income from whatever source derived, including (but not

>    limited to) the following items: (1) compensation for
>    services." [26 U.S.C. § 61(a)(1)]. Mr. Swanson's
>    wages were "compensation for [his teaching] services"
>    — plainly included in his "gross income" subject to
>    income tax.

Id. (second alteration in original). As such, the Tax Court found Plaintiff's argument frivolous. Id. Thus, the Court finds the proposed permanent injunction's language is not vague, and Plaintiff is perfectly capable of complying with its terms.

Second, Plaintiff contends he should not be enjoined from arguing the collection of income taxes is unconstitutional under the Uniformity Clause of the Constitution due to Puerto Rico's status as an incorporated territory of the United States because his argument was "inspired" by Justice Gorsuch's concurring opinion in United States v. Vaello Madero, 596 U.S. 159, 180-89 (2022). (Doc. 16, at 14-16.) However, the Eleventh Circuit has informed Plaintiff such an argument is frivolous. See Swanson v. United States, No. 23-11739, 2023 WL 5605738, at *3 (11th Cir. Aug. 30, 2023). Therefore, the Court finds no reason to remove this prohibition from the proposed permanent injunction.

For the foregoing reasons, the Court concludes Plaintiff failed to show good cause as to why the Court's proposed permanent injunction contained in its May 28, 2024 Order should not be imposed. (See Doc. 14, at 12-13.) Accordingly, the Court will adopt the proposed permanent injunction as the Order

3

of the Court in a separate, contemporaneous filing on the docket.

**ORDER ENTERED** at Augusta, Georgia, this ___9th___ day of July, 2024.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```